IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL PAUL COOPER, | : |
| | : |
| Plaintiff | : |
| | : |
| VS. | : |
| | : |
| Officer HOLLIS, VSP; Sheriff GREG COURSEY, Burke Co.; Cpt. JOHN H. BUSH, Burke Co.; Lt. WAYNE SCOTT, Burke Co.; Cpt. PHILLIP DALENBERG, Burke Co.; District Attorney DANIEL CRAIG; PANSY GOELBEE, Deputy Clerk, Superior Court of Augusta-Richmond Co.; BRIDGET M. BEECHER, Clerk; Judge ALBERT M. PICKETT; Judge WILLIAM M. FLEMING, JR.; NORMA H. ROWE, Court Reporter; GEORGIA DEP'T OF CORRECTIONS; Officer KILGORE, Valdosta State Prison; Officer JACKSON, VSP; Cpt. TOD MORRIS, VSP; Lt. RIDALL, VSP; DR. BROOKS; DR. CYNTHIA BROWN; LESLIE LUNNEY, VSP Mental Health Director; VSP Warden DONALD BARROW; DR. VIDALE; DR. ABERNATHY; GREG FISHER, VSP Mental Health Counselor; Cpt. D. GRIFFIN, VSP; Lt. K. JOHNSON, VSP; J. DARRELL HART, Deputy Warden, VSP; and TED PHILBIN, Deputy Warden, VSP.; | : : : : : : : : : : : : : : : : : : : : : NO. 7:05-CV-112 (HL) : : |
| | : |
| Defendants | : **RECOMMENDATION** |

Plaintiff **MICHAEL PAUL COOPER**, an inmate at Coastal State Prison in Garden City,

Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

1

Dockets.Justia.com

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff makes wide-ranging allegations relating to his intermittent confinement at the Burke County Jail ("BCJ") from 1998 to 2000 and his confinement at Valdosta State Prison ("VSP") from August 2003 to 2006. Plaintiff names the following defendants: (1) Greg Coursey, Sheriff, Burke County; (2) Captain John H. Bush, BCJ; (3) Lt. Wayne Scott, BCJ; (4) Captain Phillip Dalenberg, BCJ; (5) District Attorney Daniel Craig, Augusta-Richmond County; (6) Pansy Goelbee, Deputy Clerk, Superior Court of Augusta-Richmond County; (7) Bridget M. Beecher, Clerk, Superior Court of Augusta-Richmond County; (8) Judge Albert M. Pickett, Superior Court of Augusta-Richmond County; (9) Judge William M. Fleming, Jr., Superior Court of Augusta-Richmond County; (10) Norma H. Rowe, Court Reporter; (11) Georgia Department of Corrections; (12) Officer Kilgore, VSP; (13) Officer Jackson, VSP; (14) Captain Tod Morris, VSP; (15) Officer Hollis, VSP; (16) Lieutenant Ridall, VSP; (17) Dr. Brooks; (18) Dr. Cynthia Brown; (19) Leslie Lunney, VSP Mental Health Director; (20) VSP Warden Donald Barrow; (21) Dr. Vidale; (22) Dr. Abernathy; (23) Greg Fisher, Mental Health Counselor, VSP; (24) Captain D. Griffin, VSP; (25) Lieutenant K. Johnson, VSP; (26) J. Darrell Hart, Deputy Warden, VSP; and (27) Ted Philbin, Deputy Warden, VSP. A number of plaintiff's claims are extremely unclear and are not linked to any of the named defendants. As best the Court can determine, plaintiff's claims appear to be as follows.

As to the BCJ defendants, plaintiff's claims include that in December 1998, defendant Captain John H. Bush, Jr., poisoned plaintiff with arsenic; that plaintiff was "falsely imprisoned"; that defendant Judge Albert M. Pickett changed plaintiff's bond after an unidentified deputy sheriff testified he saw plaintiff with a sawed-off shotgun; and that he was "doped up" on mental health drugs during his sentencing.

3

On March 1, 2004, while plaintiff was confined at VSP, plaintiff was transferred to Augusta State Medical Prison ("ASMP") for treatment of his left shoulder. Defendant Dr. Brooks performed surgery on plaintiff's shoulder, which plaintiff claims was supposed to be a "scope surgery," but instead plaintiff was "cut open." On March 23, 2004, plaintiff was transferred back to VSP. According to plaintiff, he was supposed to receive physical therapy and a follow-up visit to ASMP in May 2004, which did not occur. Plaintiff's shoulder problems persisted; plaintiff asked for an MRI, but his request was denied due to the cost. Plaintiff ultimately received an MRI, but for various reasons, plaintiff stopped the MRI early.

Plaintiff alleges that on April 22, 2005, he and defendant Officer Kilgore got into a verbal altercation. Defendant Officer Jackson intervened, calling plaintiff racial names. Three hours later, defendant Officer Hollis entered plaintiff's cell. Hollis allegedly punched plaintiff in the face and choked him. Although the timing is not clear from plaintiff's complaint, plaintiff alleges that Hollis sexually assaulted plaintiff as well. Thereafter, Officer Jackson gave plaintiff several disciplinary reports for the April 22nd incident. Defendant Lieutenant Ridall conducted a disciplinary hearing on said DRs and apparently found plaintiff not guilty based on his mental health status.

On May 16, 2005, plaintiff allegedly advised defendant Dr. Vidale that he feared for his safety because defendant Captain Morris had "put a hit out" on plaintiff's life. Thirty minutes after plaintiff's conversation with Dr. Vidale, plaintiff was attacked by a fellow inmate, Carlos Alexander. Plaintiff complains that both he and Alexander were written up, but that only plaintiff was given isolation, apparently until August 22, 2005. On that date, VSP officials released plaintiff from isolation and placed him near inmate Alexander.

Plaintiff further claims that VSP defendants Cynthia Brown, Leslie Lunney, and Donald Barrow forced plaintiff to take mental health drugs; that unidentified VSP officials interfered with his personal mail for 7 months; and that defendant Captain Tod Morris is a member of a "secret society," of which plaintiff has been a victim since 1989, and that Morris called plaintiff various racial names. Lastly, plaintiff makes various allegations against defendant Mental Health Counselor Greg Fisher and defendant Dr. Abernathy.

Plaintiff's claims against the defendants are discussed below.

## III. DISCUSSION

### A. *Statute of Limitations*

Initially, the Court notes that certain of plaintiff's claims are barred by the statute of limitations. The length of the statute of limitations for filing a section 1983 claim is controlled by state law. ***Wilson v. Garcia***, 471 U.S. 261 (1985). In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33. ***Williams v. City of Atlanta***, 794 F.2d 624, 626 (11th Cir. 1986). The Court will assume that plaintiff submitted his complaint to prison authorities for mailing on the same day that he signed the complaint (October 17, 2005), and that the complaint was thus effectively filed on that date. ***Garvey v. Vaughn***, 993 F.2d 776, 783 (11th Cir. 1993) (in cases where *pro se* prisoners file complaints, "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness."). Any claims that arise out of events occurring prior to October 17, 2003, are thus outside the applicable statute of limitations period. Such claims include plaintiff's claim relating to arsenic poisoning and all other events occurring at

5

BCJ, should be dismissed and are not further addressed herein. It is so **RECOMMENDED**.

### *B. "False Imprisonment" Claim*

Plaintiff's complaint includes a three page, handwritten, "false imprisonment statement," the details of which are virtually impossible to understand.[1] It appears, however, that plaintiff was actually convicted of the offenses that underlie plaintiff's false imprisonment claim. Accordingly, the Court finds that plaintiff's "false imprisonment" claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). In *Heck*, the Supreme Court held that before a plaintiff may seek relief through a section 1983 claim that would call into question the validity of his conviction or sentence, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 2372-73. Here, plaintiff's claims, if proved, would invalidate his Georgia sentence. Thus, the holding of *Heck* is applicable to the present case.

Plaintiff has not demonstrated, as *Heck* requires, that his Georgia conviction or sentence has been reversed, expunged, invalidated or called into question by the grant of the writ of habeas corpus. Therefore, his claim for damages has not yet accrued. Plaintiff may file his section 1983 claim, against the appropriate defendants at such time in the future when he is able to meet the requirements of *Heck*. Accordingly, it is **RECOMMENDED** that this claim be **DISMISSED**.

---

[1] To the extent that plaintiff seeks release from prison, retrial, or a reduction in his sentence, he attacks the legality of his present confinement. Claims attacking the legality of a prisoner's confinement must be presented in a petition for writ of habeas corpus following the exhaustion of state court remedies, not in a section 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

### C. Immunity

Defendants Judge Pickett, Judge Fleming, and District Attorney Craig are immune from suit for money damages. ***Stump v. Sparkman***, 435 U.S. 349, 355-56 (1978); ***Wahl v. McIver***, 773 F.2d 1169 (11th Cir. 1985) (judges are immune from lawsuits for money damages "for their judicial acts"); ***Imbler v. Pachtman***, 424 U.S. 409, 430-31 (1976) (prosecutors have absolute immunity from money damages for prosecutorial activities that are "intimately associated with the judicial phase of the criminal process."). Moreover, defendants Fleming and Craig are never mentioned in the body of plaintiff's complaint. Accordingly, it is **RECOMMENDED** that defendants Pickett, Fleming, and Craig be **DISMISSED** as defendants herein.

### D. Georgia Department of Corrections

The Eleventh Amendment bars a plaintiff's section 1983 action against the Georgia Department of Corrections for both monetary damages and injunctive relief. ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989); ***Stevens v. Gay***, 864 F.2d 113, 114-15 (11th Cir.1989). Consequently, the GDOC is not a proper defendant. Therefore, it is **RECOMMENDED** that the GDOC be **DISMISSED**.

### E. Personal Mail

Plaintiff appears to claim that he was not allowed to receive mail from his family for seven months. Although an allegation of substantial, intentional, and systematic interference with an inmate's mail, or deliberate indifference thereto, may possibly state a constitutional claim, plaintiff has failed to link any of the named defendants to this claim. Accordingly, it is **RECOMMENDED** that plaintiff's mail claim be **DISMISSED**.

### F. Racial Names

Plaintiff alleges that defendant Officers Jackson, Kilgore, and Morris called plaintiff various racial names. Allegations of discriminatory remarks and name calling by prison officials do not state a claim of deprivation of rights under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir.1997) (verbal abuse directed at religious and ethnic background does not state a cognizable constitutional violation). The undersigned therefore **RECOMMENDS** that this claims be **DISMISSED**. The undersigned further **RECOMMENDS** that defendants Officers Jackson and Kilgore be **DISMISSED** from this action, inasmuch as there are no additional claims against them.

### G. Excessive Force

Plaintiff's allegation that defendant Officer Hollis assaulted plaintiff, both physically and sexually, liberally construed, states a claim against Officer Hollis and will be allowed to go forward.

### H. Disciplinary Proceedings

Plaintiff's claims relating to his disciplinary proceedings fall within the ambit of the Supreme Court's decision in *Sandin v. Conner*, 115 S. Ct. 2293 (1995). In *Sandin*, the Court held that only two instances exist where a prisoner can claim violation of a protected liberty interest under the due process clause arising out of prison disciplinary actions: (1) when the punishment "will inevitably affect the duration of his sentence" and (2) if the punishment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 2300-02 (30 days placement in segregation does not present "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

In the case at bar, plaintiff's punishment did not affect the duration of his sentence and

plaintiff's situation does not present the type of atypical, significant deprivation in which a state might conceivably have violated a protected a liberty interest. Accordingly, it is **RECOMMENDED** that plaintiff's claims relating to his disciplinary hearings be **DISMISSED** and that defendant Lieutenant Ridall be **DISMISSED** as a defendant herein.

### *I. Medical Claims*

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." To succeed on a claim of deliberate indifference to a serious medical need, "a plaintiff must set forth evidence of an objectively serious medical need" and "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "Deliberate indifference" has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

#### *1. Dr. Brooks*

The conduct alleged by plaintiff relating to Dr. Brooks does not amount to deliberate indifference. Dr. Brooks operated on plaintiff's left shoulder. According to plaintiff, Dr. Brooks did not order an MRI prior to the surgery and "cut [plaintiff] open" rather than performing a scope surgery as plaintiff believed was appropriate. Plaintiff's major complaint appears to be that the surgery, which was very painful, did not resolve plaintiff's shoulder problem. Plaintiff's claim against Dr. Brooks, at most, alleges medical malpractice or negligence, neither of which rises to the

level of an Eighth Amendment violation. ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080, 1086 (11th Cir. 1986). Accordingly, it is **RECOMMENDED** that plaintiff's claim against Dr. Brooks be **DISMISSED**.

### *2. Dr. Cynthia Brown, Mental Health Director Leslie Lunney, and Warden Donald Barrow*

Plaintiff summarily alleges that in May 2005 VSP defendants Brown, Lunney, and Barrow forced plaintiff to take mental health drugs that he did not need. The Supreme Court in ***Washington v. Harper***, 494 U.S. 210 (1990), upheld a state policy providing for forcibly administering antipsychotic drugs to inmates, based upon procedural safeguards included in the state policy. Plaintiff does not provide any detail as to the facts surrounding his alleged forced medication, including any such policy of the State of Georgia. The Court will nevertheless allow this claim to proceed against defendants Brown, Lunney, and Barrow.

### *J. Dr. Vidale and Captain Morris*

Plaintiff alleges that on May 16, 2005, he generally stated to defendant Dr. Vidale that he feared for his safety because defendant Captain Morris had "put a hit out" on plaintiff, as Morris had purportedly done when both Morris and plaintiff were both at Autry State Prison. Plaintiff does not state what he wanted Dr. Vidale to do for him; Dr. Vidale, however, told plaintiff he would "notify somebody." Thirty minutes later plaintiff alleges he was assaulted by a fellow inmate.

It is well-settled that a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. ***Helling v. McKinney***, 509 U.S. 25 (1993); ***Estelle v. Gamble***, 429 U.S. 97 (1976). Prison administrators "are under an obligation to

take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984). Specifically, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). If a prisoner puts prison officials on notice that he is at risk of harm from other prisoners, and then suffers a harm that could have been prevented by reasonable measures, those officials may be held liable.

It is not clear that Dr. Vidale knew that plaintiff faced a "substantial risk of serious harm" or, given the time frame involved, that he disregarded that risk. Nevertheless, because plaintiff is proceeding *pro se* and construing the claim liberally in favor of plaintiff, the Court will allow this claim to go forward. Presumably plaintiff also claims that Morris actually prompted Alexander to assault plaintiff and thus this claim against Morris shall be allowed to proceed as well.

### *K. Counselor Greg Fisher*

Defendant Fisher was plaintiff's mental health counselor. According to plaintiff, Fisher knew about a "secret society," members of which existed in VSP, and that plaintiff told Fisher about a VSP official stealing inmate money. Plaintiff further complains that plaintiff's mental health records prepared by Fisher contained inaccuracies. Plaintiff fails to allege any constitutional violations on the part of Fisher or even that he was injured as a result of Fisher's actions or inactions. Accordingly, it is **RECOMMENDED** that the claims against Fisher be **DISMISSED** and that Fisher be terminated as a defendant herein.

### *L. Dr. Abernathy*

Plaintiff apparently alleges that defendant Dr. Abernathy, who was brought in from Atlanta

11

to investigate plaintiff's alleged sexual assault by Officer Hollis, wrote various inaccuracies in plaintiff's mental health records. Said claim fails to assert any constitutional violation or injuries. Accordingly, plaintiff's claim against Dr. Abernathy should be dismissed. It is so **RECOMMENDED**.

### M. Remaining Defendants

The Court finds that plaintiff makes no specific allegations as to any wrongdoing by defendants Daniel Craig, Pansy Goelbee, Bridget M. Beecher, Captain Phillip Dalenberg, Lieutenant Wayne Scott, Norma H. Rowe, J. Darrell Hart, Ted Philbin, Captain D. Griffin, and Lieutenant K. Johnson. It is unclear, therefore, what role each of these defendants played in violating plaintiff's constitutional rights. As such, it is **RECOMMENDED** that defendants Craig, Goelbee, Beecher, Dalenberg, Scott, Rowe, Hart, Philbin, Griffin, and Johnson be **DISMISSED** from this action.

### N. Other Allegations

The undersigned has considered plaintiff's other allegations and finds them to be frivolous.

## IV. CONCLUSION

In a separate order, the undersigned has directed that plaintiff's excessive force, forced medication, and failure to protect claims against defendants Officer Hollis, Dr. Vidale, Captain Morris, Dr. Cynthia Brown, Leslie Lunney, and Donald Barrow be served on said defendants. The undersigned **RECOMMENDS** that all other claims and defendants be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

**SO RECOMMENDED**, this 20th day of November, 2006.

>/s/ *Richard L. Hodge*
>RICHARD L. HODGE
>UNITED STATES MAGISTRATE JUDGE