IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MICHAEL PAUL COOPER,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　VS.　　　　　　　　　　　　　:　　**7 : 05-CV-112 (HL)**
　　　　　　　　　　　　　　　　　　:
DANIEL J. CRAIG, et al.,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　Defendants.　　　　　　　　:

**RECOMMENDATION**

Presently pending in this § 1983 action is a motion for summary judgment filed on behalf of defendants Barrow, Morris, and Hollis, converted by the court from a motion to dismiss on January 23, 2007. The undersigned notified the plaintiff of the filing and conversion of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

The plaintiff filed this action in October 2005, raising multiple claims regarding his various periods of confinement against multiple defendants. The court dismissed certain claims and defendants, and ultimately allowed plaintiff's excessive force, forced medication and failure to protect claims to go forward against defendants Hollis, Vidale, Morris, Brown, Lunney and Barrow. In the presently pending motion for summary judgment, the defendants maintain that the plaintiff failed to properly exhaust this claim pursuant to the dictates of the Prison Litigation

Reform Act ("PLRA").[1]

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). In presenting their motion for summary judgment, the defendants rely on relevant portions of the plaintiff's grievance history and argue that although the plaintiff filed a total of six (6) grievances during his confinement at Valdosta State Prison, only one of the grievances was appealed to the Administrative Appeals Unit and said grievance did not address any of the claims that remain pending herein. In his unsworn response to the defendants' summary judgment showing, the plaintiff appears to admit that he did not file and/or fully pursue his administrative remedies for the claims now underlying this lawsuit but maintains in general that prison authorities fail to fully explain the grievance process for different prisons and often transfer inmates to avoid completion

---

[1] Based on the attachment of matters outside the pleadings, the undersigned converted both motions to dismiss to motions for summary judgment. *See* Order at # 29.

of the grievance process.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The plaintiff has failed to rebut the overall showing that he failed to fully exhaust his claims.

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff has not established that he fully pursued the grievance process. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut the defendants' summary judgment showing the court must conclude that the claims brought against defendants remain unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for

Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of July, 2007.

      /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb